IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SYLVIA DEL BOSQUE, | § | |
| | § | |
| V. | § | A-08-CA-402-LY |
| | § | |
| AT&T ADVERTISING L.P. d/b/a. | § | |
| AT&T ADVERTISING & PUBLISHING | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Wilde Ricardi, PLLC's Motion for Leave to Intervene, filed on December 3, 2009 (Clerk's Doc. No. 29); and Plaintiff Sylvia Del Bosque's Response to Motion for Leave to Intervene, filed on December 15, 2009 (Clerk's Doc. No. 31).

On November 9, 2009, the District Judge referred all matters in this case to the undersigned for resolution or for findings and recommendations, as appropriate, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. BACKGROUND

This case involves claims by Plaintiff Sylvia Del Bosque against her former employer for discrimination and retaliation. On October 5, 2009, Plaintiff's counsel, Alicia A. Wilde ("Wilde"), of Wilde Ricardi, PLLC, filed a motion to withdraw as counsel for Plaintiff. In the motion, Wilde asserted that the relationship between her and her client had been irreparably damaged, and that she was unable to effectively communicate with her client in a manner consistent with good

attorney–client relations. On November 9, 2009, a hearing was held on the motion, and on the same day, the motion was granted. On December 3, 2009, almost a month after being permitted to withdraw, Wilde filed a motion for leave to intervene to protect her contingent fee interest in any recovery the Plaintiff might make in the case

## II. DISCUSSION

Wilde does not state in her motion whether she seeks to intervene as of right, or whether she seeks permissive intervention. However, given what is discussed in the motion, it appears that she is seeking intervention as of right. For instance, she mentions inadequacy of representation, which is an element of intervention as of right but not permissive intervention. *See* FED. R. CIV. P. 24. Moreover, Wilde does not argue or show that she has a claim or defense that shares with the main action a common question of law or fact, as is required for permissive intervention. In any event, under either analytical framework the undersigned does not believe Wilde should be permitted to intervene, and therefore recommends that her motion be denied.

### A. Intervention as of Right

Federal Rule of Civil Procedure 24(a) allows certain interested parties to intervene as of right.[1] Subsection (1) of the Rule, which allows intervention of right when provided by statute, is not applicable to this case. Thus, if Wilde has a right to intervene, she must rely on subsection (2).

---

[1] Specifically, the Rules provide the following: "On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a).

"It is well-settled that to intervene as of right each of the four requirements of the rule must be met: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir.) (en banc) (quoting *International Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978). For the following reasons, Wilde is not entitled to intervene as of right.

1. Related Interest

First, the undersigned does not believe that Wilde has an "interest relating to the property or transaction which is the subject of the action." The subject of the action is the alleged discrimination and retaliation by Plaintiff's employer. Wilde's interest is presumably in any recovery Del Bosque may obtain in the suit. Thus, the common interest is in any damages Del Bosque may receive in the case. These potential damages are not "the subject of the action." If Wilde believes that, despite her withdrawal from the case, she is entitled to recover under any contract she may have with Del Bosque, she should proceed accordingly under that contract. Any such contract dispute would plainly be a matter between Wilde and Del Bosque only, would not involve the Defendants, would be governed by Texas contract law, and would be outside of this court's jurisdiction.

2. Adequacy

Second, Wilde fails to establish the requirement that her interest is inadequately represented by the existing parties to the suit. In fact, rather than even attempting to show the Court why her interests will not be adequately represented by the parties, she just generally alleges this to be the

case. *See* Motion at ¶ 8. ("Intervenor's interests will not be represented adequately by the present parties."). However, "[The Fifth Circuit] holds that when the party seeking to intervene has the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance." *Kneeland v. National Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir. 1987). Here, Wilde plainly has the same ultimate objective as the Plaintiff—that Plaintiff recover as much as possible. Moreover, Wilde was apparently not persuaded that continuing as counsel was necessary to protect Del Bosque's recovery, as she chose to withdraw when withdrawal was not mandatory under the rules of ethics, and thus there is no reason to believe (or at least Wilde is in no position to argue) that Del Bosque's pro se status requires Wilde's intervention. Finally, Del Bosque clearly has at least as strong an interest, if not a stronger one, than Wilde has in seeing that Del Bosque recover as much as possible in the case. Because Wilde has not demonstrated adversity of interest, collusion, or nonfeasance, the undersigned finds that the "inadequacy of representation" requirement is not met.

  3.  Timeliness

Finally, the undersigned believes that Wilde fails to meet the requirement that the application for intervention be timely. As noted above, Wilde initially filed her motion to withdraw on October 5, 2009. At that point, Wilde could have raised the issue of intervention, yet nowhere in the motion did she state that it would be necessary for her to intervene if the Court granted the motion. On November 9, 2009, the motion was granted and Wilde was permitted to withdraw, but it was not until several weeks later that Wilde filed her motion for leave to intervene. Most of the pretrial deadlines, including those for discovery and dispositive motions, have already passed. The final

4

pretrial conference is scheduled on January 26, 2010, and the case is scheduled to go to trial in February of 2010. Given these circumstances, the undersigned does not believe the application for intervention is timely. Of course, even were the application considered timely, the failure to meet the requirements discussed above would preclude a finding that Wilde should be permitted to intervene as of right. *See Kneeland*, 806 F.2d at 1287 ("If a party seeking to intervene fails to meet any one of [the] requirements then it cannot intervene as of right.").

**B.      Permissive intervention**

Rule 24(b) provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b). As discussed above, Wilde fails to show that she has a claim or defense that shares with the main action a common question of law or fact. In fact, Wilde's claim is not related to the Plaintiff's claim in any real sense, but rather is a contract claim separate and apart from the employment discrimination and retaliation claims brought by the Plaintiff. Moreover, given how close this case is to trial, the motion is not timely. Accordingly, the Court should not permit Wilde to intervene under Rule 24(b).

### III.  CONCLUSION

Based on the forgoing, Wilde's motion for leave to intervene should be denied. Wilde fails to establish the related interest or inadequacy of representation requirements for intervening as of right, and she fails to show that she has a claim or defense that shares with the main action a common question of law or fact necessary for permissive intervention. Additionally, the timeliness factor weighs against allowing intervention.

### IV.  RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Wilde Ricardi, PLLC's Motion for Leave to Intervene (Clerk's Doc. No. 29).

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).  To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of January, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE