# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **SYLVIA DEL BOSQUE** | § | |
| | § | |
| **V.** | § | A-08-CA-402-LY |
| | § | |
| **AT&T ADVERTISING L.P. d/b/a.** | § | |
| **AT&T ADVERTISING & PUBLISHING** | § | |

## ORDER

Before the Court is Defendant's Motion to Compel Medical Records Authorization, or Alternatively, Supplement Medical Records Production, filed on January 7, 2010 (Clerk's Doc. No. 34).

On November 9, 2009, the District Judge referred all matters in this case to the undersigned for resolution or for findings and recommendations, as appropriate, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. BACKGROUND

This case involves claims by Plaintiff Sylvia Del Bosque against her former employer for discrimination and retaliation. On October 5, 2009, Plaintiff's counsel, Alicia A. Wilde ("Wilde"), filed a motion to withdraw as counsel for Plaintiff, which was granted on November 9, 2009. Shortly after Wilde withdrew, Defendant contacted Del Bosque to schedule her deposition, despite the fact that the discovery deadline had passed in April 2009. Defendant also requested that Del Bosque sign and return an Authorization to Release Medical, Business, Counseling and Billing Records. After the deposition was rescheduled several times, Del Bosque—who was now representing herself after her counsel's withdrawal—apparently realized that the discovery deadline

had passed, and she was not obligated to present herself for a deposition.[1] Accordingly, Del Bosque cancelled the scheduled deposition.

Defendant now requests that the Court order Plaintiff to produce an executed Medical Records Authorization, or alternatively, to supplement her medical records production.

## II. DISCUSSION

The Scheduling Order entered in this case states that "[t]he parties shall complete discovery on or before April 30, 2009. Counsel may, *by agreement*, continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances . . . ." Clerk's Doc. No. 18, at ¶ 6 (emphasis added). Additionally, the Local Rules for the Western District provide the following:

> Absent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 7 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery. . . . The responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline. . . .

Local Rule CV-16(d). Given these rules and the fact that the discovery deadline has long passed, the undersigned will deny Defendant's motion to the extent that it requests the production of an executed medical records authorization. Defendant fails to show extraordinary circumstances that would justify intervention by the Court at this late stage in the case.[2] If Defendant wanted this authorization, it should have filed its motion to compel before the deadline passed, as required by the Local Rules and the scheduling order.

---

[1]*See* Western District Local Rule CV-16 (d); Defendant's Motion at Exhibit H.

[2]Notably, Defendant does not even mention the discovery deadline in its motion, or the fact that the motion was filed well after the deadline had passed, and shortly after the Plaintiff became a pro se party.

Defendant alternatively requests that Plaintiff be ordered to supplement her medical records production. From the motion it appears that Plaintiff has turned over medical records relating to treatment through February 2008. The Court assumes that this means that Plaintiff has not turned over records from February 2008 to present (although the motion does not provide any information regarding whether Plaintiff received treatment after February 2008). Again, the Local Rules provide that absent exceptional circumstances, no motions relating to discovery shall be filed after the expiration of the discovery deadline. A motion requesting that the Plaintiff be compelled to supplement her medial records production is just such a motion, and thus the motion is over eight months late. Accordingly, the Court will not grant Defendant's motion. This, however, does not mean that Plaintiff need not supplement her prior responses. If Plaintiff has medical records responsive to a prior—timely—discovery request that have not been produced, Plaintiff has a duty to supplement her response and produce them. *See* FED. R. CIV. P. 26(e)(1)(A). Otherwise, Plaintiff may not be able to use this evidence at trial to support her claims.

### III. CONCLUSION

Based on the foregoing, IT IS ORDERED that Defendant's Motion to Compel Medical Records Authorization, or Alternatively, Supplement Medical Records Production (Clerk's Doc. No. 34) is DENIED.

SIGNED this 13th day of January, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE