# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| SYLVIA DEL BOSQUE | § | |
| | § | |
| V. | § | A-08-CA-402-LY |
| | § | |
| AT&T ADVERTISING L.P. d/b/a. | § | |
| AT&T ADVERTISING & PUBLISHING | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Sylvia Del Bosque's Motion for Leave to Amend Plaintiff's Original Complaint, filed on March 9, 2010 (Clerk's Doc. No. 78), and Defendant's Response to Plaintiff's Motion for Leave to Amend Plaintiff's Original Complaint, filed on March 17, 2010 (Clerk's Doc. No. 82).

On November 9, 2009, the District Judge referred all matters in this case to the undersigned for resolution or for findings and recommendations, as appropriate, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. BACKGROUND

Plaintiff filed her Original Complaint in May of 2008, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981(a), and Chapter 21 of the Texas Labor Code, as well as a common law claim for intentional infliction of emotional distress. In July of 2008, Plaintiff amended her Original Complaint to cure an inaccurate factual assertion. Since that time, the parties

have completed discovery, engaged in settlement negotiations, and filed their pretrial materials based on the causes of action asserted in the First Amended Original Complaint.

At the pretrial conference held on January 26, 2010, the Court ordered the parties to mediation. One day prior to mediation, Plaintiff filed her motion for leave to amend, seeking to add additional causes of action under the Americans with Disabilities Act of 1990 ("ADA"), the Equal Pay Act of 1963 ("EPA"), the Employee Retirement Income Security Act of 1974 ("ERISA"), and the Family Medical Leave Act of 1993 ("FLMA").

## II. ANALYSIS

**A.    Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "the court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[L]eave to amend 'shall be freely given when justice so requires.'"). Whether a motion to amend should be granted is within the discretion of the district court. *Id.* When exercising its discretion, the court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc . . . ." *Overseas Inns S.A.P.A. v. United States*, 911 F.2d 1146, 1150–51 (5th Cir. 1990) (quoting *Foman*, 371 U.S. at 182).

The situation is different, however, when the request for leave to amend comes after the scheduling deadline for amendments has passed. In *S & W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA*, 315 F.3d 533 (5th Cir. 2003), the Fifth Circuit explicitly held that Rule 16(b)'s

2

more stringent standard "governs amendments of pleadings after a scheduling order deadline has expired." Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. RULE CIV. P. 16(b). The good cause standard requires "the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enterprises,* 315 F.3d at 535 (citations and quotations omitted). Only when the movant demonstrates good cause to modify the scheduling order "will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536.

**B.     Discussion**

This case was originally scheduled to go to trial in February of 2010, and it was only postponed due to court-ordered mediation. Plaintiff did not file her motion for leave to amend until March 9, 2010, the day before mediation occurred. Plaintiff offers nothing as to why the deadline to amend was not met, nor does she make any attempt to show good cause to modify the scheduling order. Furthermore, the discovery deadline has long passed, as has the dispositive motion deadline. In light of all these circumstances, the undersigned finds that Plaintiff has failed to show good cause to modify the scheduling order and recommends that her motion for leave to amend be denied.

## III. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Plaintiff Sylvia Del Bosque's Motion for Leave to Amend Plaintiff's Original Complaint (Clerk's Doc. No. 78).

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

3

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22nd day of March, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE